## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 09-CV-478-HE<br>) |
| JAMES L. BATESEL, TRINITY BRICK SALES, INC., TRINITY BRICK SALES, LLC, and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, by and through counsel of record, and request this Court disregard Plaintiff's Response to Defendants' Motion for Summary Judgment and find in favor of Defendants. In support, Defendants submit the following:

### I.
### WHERE NO REASONABLE JURY COULD DIFFER ON THE ISSUE OF LIABILITY, THE PROXIMATE CAUSE OF INJURY MAY BE DETERMINED BY THE COURT.

A motion for summary judgment may be granted if one of the following two conditions is met: (1) there are no disputed facts, and (2) reasonable minds, exercising fair and impartial judgment, could not reach a differing conclusion. *Williams v. Tulsa Motels*, 1998 OK 42, 958 P.2d 1282; *Vasek v. Board of County Com'rs of Noble County*, 2008 OK 35, ¶ 29, 186 P.3d 928, 934. There are no disputed facts regarding the actual event which occurred regarding the collision. Further, there is no way that a reasonable jury, exercising fair and impartial judgment, could find

Ms. Kinney to be free from fault in the underlying accident. Here, Plaintiff Progressive Northern Insurance Company itself found Ms. Kinney, the original plaintiff in the underlying liability case, responsible for 5 percent of the liability. Given that Ms. Kinney pulled out into the lane of oncoming traffic without clear visibility and without yielding the right of way to oncoming vehicles, it is unavoidable that a reasonable jury would find Ms. Kinney to be at least partially at fault in the underlying loss.

Further, Plaintiff's own expert witness, Robert Painter, testified as follows in his deposition:

> **Q**: [D]id Mrs. Kinney do something wrong? Was she negligent in the happening of this accident?
> **A**. Yes.
> **Q**: How many actors do you believe played a role in the happening of the accident that were negligent?
> **A**: Three.

(*See* Transcript of Robert Painter's Deposition, p. 24, l. 7-14, attached as **EXHIBIT 1**.)

> **Q**: [W]hat is your opinion between those three who's more negligent?
> **A**: I don't assess percentages. I think Batesel probably - he sets this thing up by virtue of him stopping with his- part of his vehicle in the roadway...Of course, it ... Payne stops or slows - stops and doesn't go around it. You know, we don't have an accident. If Kinney slows up and looks and instead of accelerating the brakes, we don't have an accident.

(*See* Transcript of Robert Painter's Deposition, p. 26, l. 7-25, attached as **EXHIBIT 1**.)

> **Q**: Kinney failing to yield from a private drive ... is based upon her entering the roadway with Mr. Payne's vehicle already being there?
> **A**: Yes. Well, she failed to yield.
> **Q**: Yeah. He has the right-of-way because he's out on the - on the roadway?
> **A**: That is correct.

(*See* Transcript of Robert Painter's Deposition, p. 43, l. 21 - p. 44, l. 3, attached as **EXHIBIT** 1.)

> **Q**: Ms. Kinney is without fail at some degree at fault for this

        accident?
        **A**: Yes. I agree.

(*See* Transcript of Robert Painter's Deposition, p. 61, l. 20-23, attached as **EXHIBIT 1**.) Clearly, there is no disagreement among parties as to the negligence on the part of Ms. Kinney. Since Ms. Kinney is not a fault-free plaintiff, the concept of joint **and** several liability does not apply. However, it is possible for several liability to still apply in such a case. Under several liability, each defendent must pay the at-fault plaintiff on the portion of damages corresponding to that defendant's percentage of fault. As a result, under its own assessment of liability, Progressive was responsible for only 85 percent of Ms. Kinney's damages. It is ludicrous to assume that Progressive chose to pay the other defendants' proportion of damages out of the goodness of its heart. There is nothing in the law or common sense that would require Progressive to do so. In fact, Progressive repeatedly refuses to produce supporting documentation to show that it did, in fact, pay 15 percent more than the amount it was required to pay Ms. Kinney for her damages.

      Plaintiff's Response attempts to create sham additional facts in order to create the illusion of a factual disagreement. However, there is no dispute over the facts that are relevant to the determination of the cause-versus-condition issue. Those facts are: (1) Defendants' vehicle was stopped at the gate and had been for some time prior to the accident; (2) Ms. Kinney's vehicle was moving; and (3) the vehicle driven by Plaintiff's insured, Mr. Payne, was moving. Further, there are no disputed facts in the case regarding what actions were taken by which parties on the date of loss. Such facts are clearly set forth in the record. Rather, Plaintiff's counsel appears to be twisting and creating additional "facts" to create a false sense of dispute. Such representations are disingenous and do not reflect the current status of the case as an issue of law rather than of fact.

      Plaintiff's Response also argues that all cases referenced by Defendants in their Motion for

Summary Judgment are premised on the decision that the party determined to be a condition, rather than cause, of an ensuing accident "could not have foreseen" the injury following the negligent act. However, the cases cited by Defendants feature almost-identical facts to the case at hand. Plaintiff fails to identify any reason why the same reasoning which has applied to identical facts in prior Oklahoma cases would fail to apply here.

## II.

### UNDER OKLAHOMA LAW, A RIGHT OF CONTRIBUTION EXISTS ONLY WHERE THERE IS COMMON LIABILITY; BECAUSE CAROL KINNEY WAS PARTIALLY AT FAULT FOR THE ACCIDENT, NO DEFENDANT COULD HAVE FORCED TO PAY MORE THAN ITS PRO RATA SHARE

"To make tort-feasors liable jointly, there must be some sort of community in the wrong doing, and the injury must be in some way due to their joint work; but it is not necessary that they be acting together or in concert, if their concurring negligence occasions the injury." (emphasis added). *Hammond v. Kansas, O. & G. Ry. Co.*, 1925 OK 211, 234 P. 731, 732. Oklahoma's contribution law is governed by 12 O.S.§ 832. This right only exists for a tortfeasor who has paid more than their pro rata share of **common liability**. *Id.* Of course, **the right is limited to the amount paid in excess of the tortfeasor's pro rata share, and no tortfeasor is compelled to make contribution beyond their own pro rata share**. *Id.*

The right of contribution is not without limitations. "An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient." *Daugherty v. Farmers Co-op. Ass'n*, 1989 OK CIV APP 89, 790 P.2d 1118, 1120 -1121. Joint tortfeasors are also allowed to settle their portion of the case without naming the other joint tortfeasor(s) on the release. *Id.* (H)(1) & (2). This will discharge the settling

tortfeasor from liability for contribution as long as the settlement was in good faith. *Id.* "When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:…It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." 12 O.S. § 832(H).

Tile 12 O.S. § 832(A) requires that common liability exist among the tortfeasors. *American Medical Intern., Inc. v. Feigel*,1996 OK CIV APP 29, 918 P.2d 752.   In *Feigel*, the husband was awarded his damages, minus the 15 percent neligence attributed to him. *Id.*  His wife, as a result of her consortium claim, received the full amount of her damages claim as well, paid in full by American Medical International (AMI) without any reduction or contribution by her husband, despite his comparative negligence. *Id*. AMI then filed suit against the husband for contribution and indemnity as a comparatively negligent joint tortfeasor to recover an alleged overpayment by AMI to the wife for her damages. *Id*. AMI claimed that the husband, as a result of his 15 percent liability, was subject to a claim of contribution for 15 percent of the total amount of damages that AMI paid to the wife. *Id.* The husband moved for summary judgment and won. *Id.* On appeal, the court upheld the trial court's decision, finding that the husband could not be considered a joint tortfeasor as he did not share "common liability" with AMI. *Id*. The court held that 12 O.S. § 832 premises the right to contribution on common liability. *Id.*  Accordingly, AMI was barred for filing a contribution claim against the husband. *Id.*

More recent decision by the Oklahoma courts uphold this line of reasoning.  In *United Services Auto. Ass'n v. State Farm Fire & Cas. Co.*, 2005 OK CIV APP 21, 110 P.3d 570,  the court held: "The duty of a liability insurer to defend lawsuits against the insured is personal to each insurer, and that insurer is not entitled to divide the duty or require contribution from another insurer, absent a specific contractual right." *Id.*  In fact, contribution "is the right to recover, not

from a party primarily liable for the loss, but from a co-obligor or co-insurer who shares common liability with the party seeking contribution. The doctrine applies only when co-insurers have covered the same insured and the same particular risk at the same level of coverage." *U.S. Fidelity and Guar. Co. v. Federated Rural Elec. Ins. Corp.*, 2001 OK 81, 37 P.3d 828.  Where a plaintiff seeks contribution from a defendant, he is required to show **joint** legal liability of the parties before recovery can be had. *Fleming v. Stephenson*, 1923 OK 1032, 220 P. 599.  Joint legal liability may arise by reason of a judgment of a court against the parties, or by reason of a contractual relation existing between the parties.  *Id.*  Where the plaintiff's claim of right of contribution against defendant depends upon ratification by defendant of a transaction had by plaintiff with a third party, the claim by plaintiff of ratification by defendant cannot avail as to conditions of which the defendant had no knowledge.  *Id.*

Under Oklahoma's comparative negligence law, where a plaintiff is found to be at fault, a defendant never can be compelled to pay more than its pro rata share.  *See* 12 O.S. § 832(B).  There is no dispute as the original plaintiff, Ms. Kinney's, fault in the underlying accident.  Progressive has previously determined that Carol Kinney was at least 5 percent at fault.  Plaintiff's own expert, Robert Painter, conceded in his deposition that Carol Kinney was partially responsible in this accident. (*See* Transcript of Robert Painter's Deposition, p. 24, l. 1-25; p. 26, l. 5-14; p. 43, l. 3- p. 44, l. 24; p. 51, l. 2-23; p. 61, l. 3-23, attached as **EXHIBIT 1**.) The result of this undisputed fact is that no common liability would have ever existed for these Defendant to Carol Kinney in the State Court action because under Oklahoma's comparative negligence law she would of only been able to collect that percentage of fault owed by each defendant and no defendant would have been compelled to pay for than its pro rata share.

**III.**

## WHETHER DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE CONDITION OF THE PROPERTY PRIOR TO ARRIVING ON THE PROPERTY IS IRRELEVANT TO THE UNDERLYING ISSUE OF CONTRIBUTION

Rather than address the extensive body of Oklahoma precedent which deals with the interpretation and application of 12 O.S. §832 to cases such as the present, Plaintiff chooses to focus on whether Trinity asked for the gate code. Plaintiff's repetitious interest in the nature of the gate code and whether Trinity asked for it is a red herring designed to divert attention from the real issue. In doing so, Plaintiff ignores the possibility that Trinity could not know the dimensions of the drive and whether the truck would fit entirely within it without opening the gate. Further, in citing the various other times in which Defendant Batesel has encountered locked gates and unaccommodating entryways (*See* Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 14, ¶ 18), Plaintiff ignores the most obvious reality: that no injury occurred as a result of those actions. The difference between the scenarios cited by Plaintiff and the case at hand is that the negligence of Ms. Kinney and Plaintiff's insured, Mr. Payne, combined to create Ms. Kinney's injuries. In their absence - the absence of the proximate case - no injuries could have occurred despite Defendant Batesel's actions.

### CONCLUSION

WHEREFORE, Defendants respectfully request that the Court Order grant Defendant's Motion for Summary Judgment.

Respectfully submitted,

        s/Maurice G. Woods, II
        MAURICE G. WOODS, II, OBA #16582
        McATEE & WOODS, P.C.
        410 N.W. 13th Street
        Oklahoma City, OK  73103
        Telephone: (405) 232-5067
        Facsimile:  (405) 232-0009
        ***Attorneys for Defendants***

## CERTIFICATE OF ELECTRONIC FILING

      I hereby certify that on March 17, 2010, I electronically transmitted Defendants' Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dawn M. Goeres, OBA #21923
Brad L. Roberson, OBA #18819
Pignato, Cooper, Kolker & Roberson, P.C.
1120 Robinson Renaissance
119 North Robinson
Oklahoma City, OK   73102
Telephone: (405) 606-3333
Facsimile:  (405) 606-3334
E-Mail:  brad@pclaw.org
E-Mail:  dawn@pclaw.org
***Attorneys for Plaintiff***

        s/Maurice G. Woods, II
        MAURICE G. WOODS, II