IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES L. BATESEL, TRINITY BRICK )<br>SALES, INC., TRINITY BRICK SALES, )<br>LLC, and STATE AUTO PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>)<br>Defendants. ) | Case No.: 09-cv-478-HE |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF**

Plaintiff, Progressive Northern Insurance Company ("Progressive" or "Plaintiff"), pursuant to LCvR 7.1(i) and LCVR 7.1(k), respectfully moves this court for leave to file a sur-reply brief to Defendant's Reply to Plaintiff's Response in Objection to Defendant's Motion for Summary Judgment. Progressive seeks leave to file its sur-reply to address the following:

1. Defendants' Reply is rife with additional case law on the "issue" of whether Plaintiff is permitted to seek contribution pursuant to 12 O.S. §832.

2. Each case cited by Defendants is distinguishable and inapposite to the issue of whether Plaintiff is permitted to seek contribution from them pursuant to 12 O.S. §832. For instance, Defendants cite to three newly-relied-upon Oklahoma Supreme Court cases. (The remainder of Defendants' case law is from the appellate division.) The first two, *Hammond v. Kansas, O&G Ry. Co.*, 1925 OK 211, and *Fleming v. Stephenson*, 1923 OK 1032, 220 P.

599, predate 12 O.S. §832 by over fifty (50) years. The third, *U.S. Fidelity and Guar. Co. v. Federated Rural Elec. Ins. Corp.*, 2001 OK 81, 37 P.3d 828, involves claims of <u>equitable</u> contribution and subrogation between an excess insurer and a primary insurer with respect to the amounts owed by each for the defense of suit filed against a common insured. The case has <u>nothing</u> to do with <u>statutory</u> contribution, pursuant to 12 O.S. § 832, among joint or several tortfeasors.

3. The newly-cited appellate cases are equally distinguishable, and it is painfully obvious that the entirety of each opinion supports Plaintiff's position that contribution pursuant to 12 O.S. §832 is not only permitted under the facts of this case, the Contribution Act was intended to promote the very type of settlement that Plaintiff entered into with Ms. Kinney.

4. Defendants are correct that Plaintiff's Response was, in large part, devoted to pointing out the material, disputed facts in this matter, especially in light of Defendants' "cause versus condition" argument. In their Reply, Defendants state that Plaintiff did not "address the extensive body of Oklahoma precedent which deals with the interpretation and application of 12 O.S. §832 to cases such as the present ..." Plaintiff did incorporate, by reference, its Response to Defendants' Motion for an Order Compelling Production of Plaintiff Progressive Northern Insurance Company's Claim File, which discussed precedential cases dealing with this issue at length. However, Defendants have now asserted to this Court that, essentially, it should ignore the "cause versus condition" argument and focus on the contribution argument. In doing so, Defendants have also suggested that the

cases cited by them in their Reply are part of some "extensive body of Oklahoma precedent" which interprets 12 O.S. §832 to stand for the proposition that a tortfeasor can never seek contribution from another tortfeasor if the initial plaintiff has any fault for the accident at issue. In essence, Defendants' position is that, because a tortfeasor which might be found severally liable in a verdict could not be <u>compelled</u> to pay more than its pro rata share, that severally liable tortfeasor can never <u>elect</u> to pay more than its pro rata share to fully and finally settle a case, and then pursue contribution under 12 O.S. §832, which specifically permits contribution among jointly <u>or</u> severally liable tortfeasors.

5. If this Court is inclined to accept Defendants' position as set forth in their Reply, that it should focus on the contribution argument, Plaintiff simply requests an opportunity to point out the inaccuracies of the positions set forth in Defendants' Reply. Plaintiff would simply like to place on the record the reasons why the cases Defendants have first cited in that Reply do not support their position on the contribution issue.

## <u>RELIEF REQUESTED</u>

WHEREFORE, for the reasons set forth herein, Plaintiff, Progressive Northern Insurance Company respectfully requests that this Court grant it leave to file a sur-reply brief, to be no more than ten (10) pages in length, within ten (10) days from the date of the Court's Order granting the relief requested.

                                        Respectfully submitted,

                                            s/Dawn M. Goeres
                                      Brad L. Roberson, OBA No. 18819
                                      Dawn M. Goeres, OBA No. 21923
                                      PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
                                      1120 Robinson Renaissance
                                      119 North Robinson Avenue
                                      Oklahoma City, Oklahoma 73102
                                      Telephone:  (405) 606-3333
                                      Facsimile:   (405) 606-3334
                                      E-Mail:      brad@pclaw.org
                                      E-Mail:      dawn@pclaw.org
                                      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2010, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit of a Notice of Electronic Filing to the following ECF registrants:

    Maurice G. Woods, II

                                                  s/Dawn M. Goeres
                                                For the Firm