**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

PROGRESSIVE NORTHERN )
INSURANCE COMPANY, )
 )
        Plaintiff, )
vs. ) NO. CIV-09-0478-HE
 )
JAMES L. BATESEL, ET AL., )
 )
        Defendants. )

## ORDER

Plaintiff Progressive Northern Insurance Company ("Progressive") filed this action against James L. Batesel, his employer, Trinity Brick Sales, Inc. and Trinity Brick Sales, LLC (collectively "Trinity Brick"), and Trinity Brick's insurer, State Auto Property and Casualty Insurance Company. Plaintiff seeks contribution for defendants' alleged pro rata share of a settlement amount paid to Carroll Kinney, who was injured in a collision with Progressive's insured, David Payne. Plaintiff claims Batelsel was partially responsible for the accident. Defendants have filed a motion for summary judgment contending they are not liable for contribution because Batesel's conduct, if negligent, was not a proximate cause of the collision and Ms. Kinney's injuries, but merely created a condition.[1] They also argue that plaintiff is barred from seeking contribution from them because Ms. Kinney may have been partly responsibility for the accident.

The facts pertinent to the resolution of defendants' motion are not disputed. Around

---

[1]*Although plaintiff addresses the issue of whether Trinity Brick, based on its own conduct and not that of Batesel, is entitled to summary judgment, the defendants did not distinguish among themselves in their motion as far as their potential liability for contribution.*

8:30 a.m. on November 14, 2005, Batelsel was delivering a load of bricks to a construction site in a residential area in Edmond, Oklahoma. He planned to enter the housing addition by turning off of Coltrane Road onto Oakdale Forrest Road, a private road which led into the neighborhood. When he reached Oakdale Forrest Road, Batelsel realized the community was gated and the gate was closed. He knew before he turned that he would need an access code to open the gate. When he pulled up to the gate he was "pretty sure" his truck would partially block the southbound lane of Coltrane, which it did.[2] Different experts have estimated that his truck extended between 4.5 and 6.25 feet into the southbound lane.[3] Batelsel expected that traffic headed south on Coltrane would see his truck and go around it.

While Batelsel was attempting to call and get a gate code, Ms. Kinney, who was exiting the subdivision, offered to help him by using the remote opener in her car. She realized, though, that she was going to have to turn her car around to open the gate. Batesel climbed back into his truck while she proceeded to cross Coltrane to head her car back into the subdivision. As she pulled out onto the road, before she had completed her turn, her vehicle was stuck on the driver's side by a dump truck driven by David Payne. He had been heading south on Coltrane, had seen Batelsel's vehicle partially blocking his lane and had pulled around it, entering into the oncoming lane of traffic.

---

[2]*The evidence as to Batelsel's options, including his ability to pull onto the shoulder of Coltrane and wait until he could get the gate opened, is disputed.*

[3]*In their brief, defendants state that Batesel left "only 6.25 feet of the rear of his trailer overhanging the edge of the southbound lane of Coltrane." Defendants' brief, p. 1.*

2

Ms. Kinney sued plaintiff's insureds and defendants in state court. She eventually entered into a settlement agreement with Progressive which released her claims against all parties, but the agreement reserved Progressive's right to seek contribution or indemnity from defendants. Progressive paid the total amount of the settlement.

Causation

Defendants claim Batelsel's parked truck merely furnished a condition which enabled, rather than caused, the accident. To resolve the issue the court has considered "[t]he general rule ... that an intervening force which could reasonably have been foreseen or which is a normal incident of the risk created will not suffice to relieve an original tortfeasor of liability," Atherton v. Devine, 602 P.2d 634, 635-36 (Okla. 1979), and various Oklahoma decisions defendants cite involving negligently parked cars.[4] The parked car cases generally involve rear end collisions in which one motorist saw the parked vehicle, stopped and then was rear ended by a third vehicle, e.g., Vogt v. General Telephone Co. of the Southwest, 413 F.Supp. 4, 8 (E.D. Okla. 1975) ("The facts in the instant case clearly are akin to those present in Beesley, [364 F.2d 194 (10th Cir. 1966)] and Haworth, [395 F.2d 566 (10th Cir. 1968)], cases wherein an automobile had come to a complete stop behind a purportedly illegally stopped vehicle and was thereafter struck from the rear by an automobile driven by a third

---

[4]The "completed tort" language the defendants cite was dicta in Atherton, 602 P.2d at 636 n.3, and, though mentioned in Jackson, 907 P.2d at 1073 n.31, is contrary to the court's decision in that case that "the Officer's primary negligence nonetheless presents a question for the trier." Id. at 1072.

party."),[5] or situations in which the motorist who collided with the parked vehicle could have seen it in time to stop if he had been paying attention.  Evans v. Caldwell, 429 P.2d 962, 964 (Okla. 1967);  Mote v. Hilyard, 358 P.2d 844, 845 (Okla. 1961); Sturdevant v. Kent, 322 P.2d 408, 410 (Okla. 1958).  The holding in those cases would have applied if Payne had seen Batelsel's truck, stopped and then been rear-ended by a third vehicle, or if Payne had simply run into Batelsel's truck.  However, that is not what happened here.

The circumstances of the accident involved in this lawsuit are more akin to those found in cases such as Bannister v. Noble, 812 F.2d 1265 (10th Cir. 1987), Dirickson v. Mings, 910 P.2d 1015 (Okla. 1996), Jackson v. Jones, 907 P.2d 1067 (Okla. 1995) and Long v. Ponca City Hospital, Inc., 593 P.2d 1081 (Okla. 1979), in which the courts have concluded that the jury should determine whether the second of two negligent acts was reasonably foreseeable, so that the first was a proximate cause of the resulting injuries and not a mere condition.  A jury could conclude, based on the evidence before the court, that  the actions of both Payne and Ms. Kinney might reasonably have been expected to occur.  Batelsel himself anticipated that vehicles would go around his truck, which would require their crossing over into the other lane of traffic.   While Payne would have been able to see

---

[5]*In support of its decision, the district court quoted from Temples v. Stark, No. 74-1565 (10th Cir. 1975) (unpublished), in which the Tenth Circuit had explained why in several cases, including Haworth, 395 F.2d at 566 and Beesley, 364 F.2d at 194, it had found a parked car created a condition that set the stage for a subsequent collision: "'In both Haworth and Beesley, vehicles came to safe stops behind the original parked vehicle and this was held, under those facts, to have made the original negligence remote.'" Vogt, 413 F.Supp. at 8 n.2.*

4

vehicles approaching from the south, Batelsel's truck could have obscured cars, such as Ms. Kinney's, which were exiting the neighborhood. As a jury could find that the collision in question could have been foreseen as the probable result of Payne's decision to partially block the road with his truck, the court cannot conclude, as a matter of law, that Payne and Ms. Kinney's actions were unforeseeable, intervening acts. *See* Bannister, 812 F.2d at 1267 ("Where there is a question as to whether an intervening act is the proximate cause of an injury to the exclusion of a prior wrongful act alleged to have merely created a condition, the question is ordinarily one of fact for determination by a jury.") (internal quotations omitted).

Contribution

As an alternative basis for summary judgment, defendants contend that Oklahoma law does not allow Progressive to seek contribution from them because the plaintiff was partially at fault.[6] Defendants rely on Oklahoma's statutes pertaining to comparative negligence and joint and several liability. They ignore Oklahoma's Uniform Contribution Among Tortfeasors Act, 12 Okla. Stat. 832, which clearly permits Progressive to seek contribution from them. Defendants' estoppel argument is similarly unfounded, both legally and factually.

Accordingly, defendants' motion for summary judgment [Doc. #43] is **DENIED**. Plaintiff's motion to file sur-reply brief [Doc. #61] is **STRICKEN as MOOT**.

---

[6]*In its response Progressive incorporates by reference its response to a discovery motion. As such incorporations allow a party to exceed the page limitations set by the local rules they generally are not permitted. The court has, however, considered the designated pages of the prior pleading.*

**IT IS SO ORDERED**.

Dated this 26th day of March, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE